STELLA McGEE, Claimant, *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed June 30, 1937.*

632

ADVISORY OPINION BY MR. JUSTICE YANTIS.

Pursuant to your request for an Advisory Opinion, based upon the foregoing statement of facts submitted by you in the matter of the claim of *Stella McGee* vs. *Illinois Emergency Relief Commission,* the following opinion is rendered, based upon the aforementioned statement:

We find that at the time of the accident in question, both employer and employee were operating under and bound by the provisions of the Illinois Workmen's Compensation Act; that said accident arose out of and in the course of such employment.

The facts submitted in such statement show that Joseph J. McGee was employed with a crew of men on the 8th day of August, 1934 in laying a drain pipe at the fish hatchery at Carlyle, Illinois; that the temperature was from 104 degrees to 105 degrees, and that because of the excessive heat, the men were working in ten-minute shifts; that Joseph J. McGee was working in a ditch four feet deep and one and one-half feet wide, removing loose dirt with a shovel; that he suffered a

sunstroke on the afternoon of that date; he was taken to a hospital the next morning and there remained until his death on August 20, 1934; that his wages were on the basis of a six-hour day, 50c per hour, under irregular employment; that he left surviving, his wife, claimant, Stella McGee and a grandchild, Ennis McGee, who was dependent upon him for such grandchild's sole support; that claimant, by and with the advice of counsel, has agreed to accept Two Thousand ($2,000.00) Dollars in full settlement of her claim.

An applicant in a heat prostration case must as in all other cases, prove by competent and sufficient evidence that the accident arose out of and in the course of the employment. The mere fact that the sunstroke occurred while employee was in the discharge of his regular duties is insufficient unless it also appears that such prostration arose out of the employment. Such accident cannot be said to arise out of the employment unless there is competent proof that the employee was subjected to an unusual and special hazard from the heat greater than that to which the public generally, and other workmen in the same vicinity, were subjected. The statement of facts submitted in this claim shows that Joseph J. McGee and those working with him down in the ditch were in fact subjected to a special degree of exposure to the sun's rays and extreme and unusual heat, and a lack of air enjoyed by others not engaged in such work. It therefore appears from the said statement of facts that an award is properly allowable under the provisions of the Workmen's Compensation Act, and that the payments heretofore made by the Commission for medical and hospital charges were properly paid, and that a settlement with claimant, as the widow of Joseph J. McGee, in full for the death of the latter, in the sum of Two Thousand ($2,000.00) Dollars, is within the limits of liability under Section 7 (a) of the Workmen's Compensation Act and is a proper settlement with claimant, it appearing that she is duly advised by counsel. (*Brown* vs. *State*, 8 C. C. R. 442.)

Payment of such claim should be subject, first, to a dismissal of the claim of *Stella McGee* vs. *State of Illinois*, Court of Claims No. 2559, now pending; and second, the payment of such sum shall be made by the Illinois Emergency Relief Commission out of any funds held by it and allocated for such purpose.